**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **IN RE: ASBESTOS PRODUCTIONS LIABILITY** | |
| **LITIGATION NO VI** | **CIVIL ACTION NO. 3:05MC40N** |

## ORDER

This matter came before the court on the Objection to Subpoena Duces Tecum, Motion to Quash Subpoena Duces Tecum, or, in the alternative, Motion for Protective Order.  The basis of the Motion is a subpoena that was served on Robert McGee, M.D., on November 3, 2005.  A cursory review of the subpoena indicates that it seeks all records of any kind ever retained by this doctor and is absurdly overbroad.  It required compliance by December 9, 2005.  There is no indication in the Motion as to whether any compliance was made at that date or whether compliance has become moot with the passage of time.  There is no indication as to whether Dr. McGee served a timely objection on the party seeking the information, as provided by Fed. R. Civ. P. 45(c)(1)(B), which would have precluded that party from seeking information from Dr. McGee until an order compelling production was entered.  There is little indication as to whether the attorney filing this Motion represents Dr. McGee or the unnamed Plaintiffs in a case before the Judicial Panel on MultiDistrict Litigation, which would determine the issues that could be argued in response to this Subpoena.

Most importantly, however, the Motion is not accompanied by a Certificate of Good Faith. Fed. R. Civ. P. 26(c) requires a party moving for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties not making the disclosure in an effort to resolve the dispute without court action . . . ."  Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Official Form No. 5) shall be filed with all discovery motions, with

a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion for protective order.

This requirement is not an empty formality. On the contrary, it has been the court's experience that obliging attorneys to certify to the court that they have conferred in good faith results, in a large number of cases, in counsel's resolving their discovery disputes without court intervention. Thus, the requirement of a certificate cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue; instead, the court requires both attorneys to certify that they conferred on the discovery issues in an attempt to resolve them.

Because no Certificate of Good Faith is attached to the Objection, Motion to Quash, etc., that motion will be denied. This denial is without prejudice to the Plaintiffs' or Dr. McGee's right to file a subsequent Motion for Protective Order with the appropriate attachment.

IT IS, THEREFORE, ORDERED that the Objection to Subpoena Duces Tecum, Motion to Quash Subpoena Duces Tecum, or, in the Alternative, Motion for Protective Order is hereby **denied**.

IT IS SO ORDERED, this the 14th day of February, 2006.

                                        S/Alfred G. Nicols, Jr.
                                  UNITED STATES MAGISTRATE JUDGE